**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DONOVAN L. HALEY,        )    NO. CV 11-787-AG(E)
                          )
           Plaintiff,    )
                          )
    v.                )    MEMORANDUM AND ORDER DISMISSING
                          )
CUSTODY OFFICIAL - GIPSON,  )    COMPLAINT WITH LEAVE TO AMEND
et al.,               )
                          )
          Defendants.   )
_____)

    For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

    The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. section 1983 on January 28, 2011, naming as Defendants the Los Angeles County Sheriff's Department and "Custody Officer Gipson," sued in his official and individual capacity.  Plaintiff alleges that, while Plaintiff was an inmate at the Twin Towers Correctional Facility, Defendant Gipson assertedly subjected Plaintiff to excessive

force and failed to provide medical care to Plaintiff.

Plaintiff allegedly suffers from mental illness and hypertension (Complaint, p. 2).  Plaintiff alleges that, on November 16, 2010, after Plaintiff complied with another deputy's request for assistance in moving a mattress, Defendant Gipson confronted Plaintiff and ordered Plaintiff into a stairwell (id., p. 5).  Allegedly in conspiracy with another deputy, Gipson assertedly placed mechanical wrist restraints on Plaintiff (id.).  Both deputies allegedly ignored Plaintiff's complaints of pain (id.).

Gipson allegedly propelled Plaintiff into a "'make shift torture chamber' supply closet" and assertedly choked, beat, shoved and verbally assaulted Plaintiff while the other deputy allegedly watched (id., p. 6).  Gipson allegedly pressed his thumb against Plaintiff's jaw, assertedly causing Plaintiff to become lightheaded and to fall to the floor (id.).  Gipson and two other deputies allegedly locked Plaintiff in a "rec area," assertedly ignoring Plaintiff's screams of pain and requests to be taken to the clinic because of claims of neck and chest pain (id., pp. 6-7).  According to Plaintiff, Plaintiff lost feeling in his left hand and screamed in pain, but purportedly could not use an emergency button on the wall because of the restraints (id., p. 7).

Approximately ten minutes later, the two "co-conspirator" deputies allegedly appeared (id.).  Plaintiff allegedly asked the deputies to remove the restraints, and assertedly said he (Plaintiff) was having chest pains and his hand hurt (id.).  The deputies

allegedly took Plaintiff to his cell, where a deputy assertedly removed the restraints (id., pp. 7-8).  Plaintiff allegedly said his left wrist was bleeding and Plaintiff assertedly had no feeling in his left hand (id., p. 8).  One deputy reportedly said nothing was wrong with Plaintiff, and the deputies allegedly left (id.).

Plaintiff alleges that he was the victim of excessive force and that deputies failed to provide Plaintiff medical treatment, assertedly in violation of the Constitution.  Plaintiff also appears to attempt to assert a claim for violation of the Americans with Disabilities Act, 42 U.S.C. section 12321 et seq. ("ADA").  Plaintiff also alleges violations of various provisions of the California Penal Code and state regulations.  Plaintiff further alleges that deputies failed to respond properly to Plaintiff's inmate grievance.  Plaintiff seeks compensatory and punitive damages and (apparently) a declaration that the alleged use of force and mechanical restraints was unjustified (see Complaint, p. 9).

**DISCUSSION**

It is unclear whom Plaintiff intends to sue in this action. Although the caption identifies only the Los Angeles County Sheriff's Department and Defendant Gipson as Defendants, the body of the Complaint appears to allege wrongdoing by other deputies.  A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . ."  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also F. R. Civ. P. 10(a) (title of complaint "must name all the parties").

1    The official capacity claims against Defendant Gipson must be
2  construed as claims against the County.  See Kentucky v. Graham, 473
3  U.S. 159, 165-66 (1985).  Plaintiff may not sue the County on a theory
4  of respondeat superior, which is not a theory of liability cognizable
5  under 42 U.S.C. § 1983.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948
6  (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v.
7  County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert.
8  denied, 537 U.S. 1106 (2003).  A municipal entity may be held liable
9  only if the alleged wrongdoing was committed pursuant to a municipal
10  policy, custom or usage.  See Board of County Commissioners of Bryan
11  County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New
12  York City Department of Social Services, 436 U.S. 658, 691 (1978).
13  Plaintiff has failed to allege facts from which one plausibly could
14  infer the existence of such a municipal policy, custom or usage;
15  Plaintiff's conclusory allegations are insufficient.  See Ashcroft v.
16  Iqbal, 129 S. Ct. at 1949.

17

18    It is axiomatic that, to state a claim under 42 U.S.C. section
19  1983, the plaintiff must allege a violation of a right secured by the
20  constitution or federal law.  Parratt v. Taylor, 451 U.S. 527, 535
21  (1982), overruled on other grounds, Daniels v. Williams, 474 U.S. 327
22  (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert.
23  denied, 478 U.S. 1020 (1986).  Plaintiff's allegations of state law
24  violations do not suffice to plead a section 1983 claim.  See Cornejo
25  v. County of San Diego, 504 F.3d 853, 855 n.2 (9th Cir. 2007) ("a
26  claim for violation of state law is not cognizable under § 1983")
27  (citation omitted); Lowell v. Poway Unif. Sch. Dist., 90 F.3d 367,
28  370-71 (9th Cir. 1996) ("To the extent that the violation of a state

4

law amounts to the deprivation of a state-created interest that
reaches beyond that guaranteed by the federal Constitution, Section
1983 offers no redress"; citation omitted).

It appears that Plaintiff was a jail detainee at the time of the
alleged incident.  To the extent Plaintiff purports to allege claims
under the Eighth Amendment, the Complaint is insufficient.  The Eighth
Amendment's prohibition against cruel and unusual punishment applies
only after conviction.  Pierce v. Multnomah County, Oregon, 76 F.3d
1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996).[1]

To the extent that Plaintiff alleges that jail officials
unconstitutionally failed to respond properly to Plaintiff's inmate
grievance, the Complaint is insufficient.  "[A]n inmate has no due
process rights regarding the proper handling of grievances." Wise v.
Washington State Dep't of Corrections, 244 Fed. App'x 106, 108 (9th
Cir. 2007), cert. denied, 562 U.S. 1282 (2008); see also Ramirez v.
Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063
(2004).

To the extent Plaintiff alleges that Defendant Gipson subjected
Plaintiff to verbal harassment, the Complaint is insufficient.  Mere
verbal harassment does not violate the Constitution.  See Keenan v.
Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th
Cir. 1998); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

---

[1]   However, the same standards apply to pretrial detainees
under the Due Process Clause.  See Simmons v. Navajo County,
Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Lolli v. County of
Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).

1  1987).

2

3     Plaintiff's ADA claim is insufficient.  Title II of the ADA

4  provides that "no qualified individual with a disability shall, by

5  reason of such disability, be excluded from participation in or be

6  denied the benefits of the services, programs, or activities of a

7  public entity, or be subjected to discrimination by any such entity."

8  42 U.S.C. § 12132.  "In order to state a claim under Title II of the

9  ADA, a plaintiff must allege: (1) he is an individual with a

10  disability; (2) he is otherwise qualified to participate in or receive

11  the benefit of some of the public entity's services, programs, or

12  activities; (3) he was either excluded from participation or denied

13  the benefits of the public entity's services, programs, or activities,

14  or was otherwise discriminated against by the public entity; and

15  (4) such exclusion, denial of benefits, or discrimination was by

16  reason of his disability."  O'Guinn v. Lovelock Correctional Center,

17  502 F.3d 1056, 1060 (9th Cir. 2007) (citation, internal quotations and

18  brackets omitted); Weinreich v. Los Angeles County Metropolitan

19  Transportation Authority, 114 F.3d 976, 978 (9th Cir.), cert. denied,

20  522 U.S. 971 (1997) (plaintiff must show that the discrimination was

21  solely by reason of disability).  Plaintiff has not alleged facts

22  showing that any Defendant intentionally discriminated against any

23  Plaintiff because of any alleged disability.

24

25     Furthermore, Plaintiff cannot obtain damages under the ADA from

26  an individual Defendant in that Defendant's individual capacity.  See

27  Brewer v. Wisc. Bd. of Bar Examiners, 270 Fed. App'x 418, 421 (7th

28  Cir.), cert. denied, 129 S. Ct. 507 (2008); Williams v. McLemore, 247

1 | Fed. App'x 1, 8 (6th Cir. 2007); <u>Garcia v. S.U.N.Y. Health Services</u>
2 | <u>Center</u>, 280 F.3d 98, 107 (2d Cir. 2001); <u>Alsbrook v. City of Maumelle</u>,
3 | 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc), <u>cert. dismissed</u>, 529
4 | U.S. 1001 (2000); <u>Green v. Adams</u>, 2008 WL 1766737, at *3 (E.D. Cal.
5 | Apr. 16, 2008); <u>Curry v. Tilton</u>, 2007 WL 2778363, at *3 (N.D. Cal.
6 | Sept. 21, 2007); <u>Thomas v. Nakatani</u>, 128 F. Supp. 2d 684, 691-92 (D.
7 | Hawai'i 2000), <u>aff'd on other grounds</u>, 309 F.3d 1203 (9th Cir. 2002);
8 | <u>see also</u> <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002), <u>cert.</u>
9 | <u>denied</u>, 537 U.S. 1104 (2003) (plaintiff could not sue public official
10 | in his or her individual capacity under 42 U.S.C. section 1983 for ADA
11 | violations).

12 |

13 | **CONCLUSION AND ORDER**

14 |

15 | The Complaint is dismissed with leave to amend.  If Plaintiff
16 | still wishes to pursue this action, he is granted thirty (30) days
17 | from the date of this Order within which to file a First Amended
18 | Complaint.  The First Amended Complaint shall be complete in itself.
19 | It shall not refer in any manner to any prior complaint. Plaintiffs
20 | may not add Defendants without leave of Court.  <u>See</u> Fed. R. Civ. P.
21 | 21.  Failure to file a timely First Amended Complaint in conformity
22 | with this Memorandum and Order may result in the dismissal of this
23 | action.  <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir.
24 | 2002), <u>cert. denied</u>, 538 U.S. 909 (2003) (court may dismiss action for
25 | failure to follow court order); <u>Simon v. Value Behavioral Health,</u>
26 | <u>Inc.</u>, 208 F.3d 1073, 1084 (9th Cir.), <u>amended</u>, 234 F.3d 428 (9th Cir.
27 | 2000), <u>cert. denied</u>, 531 U.S. 1104 (2001), <u>overruled on other grounds</u>,
28 | <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th Cir.), <u>cert. denied</u>, 552

U.S. 985 (2007) (affirming dismissal without leave to amend where
plaintiff failed to correct deficiencies in complaint, where court had
afforded plaintiff opportunities to do so, and where court had given
plaintiff notice of the substantive problems with his claims); Plumeau
v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir.
1997) (denial of leave to amend appropriate where further amendment
would be futile).


        IT IS SO ORDERED.


        DATED: February 28, 2011.


                           _____
                                  ANDREW J. GUILFORD
                           UNITED STATES DISTRICT JUDGE



PRESENTED this 2nd day of

February, 2011, by:


_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE